Jason C. Ross (State Bar No. 252635)
jross@wshblaw.com
Claudia Kozlowska (State Bar No. 334487)
ckozlowska@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
501 West Broadway, Suite 1200
San Diego, California 92101
Phone: 619-849-4900 ♦ Fax: 619-849-4950

Attorneys for Defendant,
WALMART INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA HENSLEY, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WALMART INC., A Delaware Corporation, and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. **'23CV0550 JM    DEB**<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT (28 U.S.C. §§ 1332(a), 1441); DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:　February 23, 2023<br>Superior Court Case No.: 37-2023-00007744-CU-WT-CTL |

**TO THE CLERK FOR THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that based on the following allegations, and those in the Plaintiff's Complaint, Defendant WALMART INC. (hereinafter "Defendant" or "Walmart") hereby removes the above-referenced action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C §§ 1332 and 1441 (based on diversity of citizenship jurisdiction).

/ / /

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

## I.    STATEMENT OF THE CASE

1.    On or around February 23, 2023, Plaintiff SARA HENSLEY ("Plaintiff") filed a lawsuit in the Superior Court of the State of California, County of San Diego, entitled *Hensley v. Walmart Inc.*, Case No. 37-2023-00007744-CU-WT-CTL.

2.    On or about February 27, 2023, Plaintiff served Defendant Walmart Inc. ("Walmart") with the Complaint and the Summons. (Exhibit ("Ex.") A & B, respectively.)

3.    On March 27, 2023, Walmart filed its Answer in the San Diego County Superior Court in response to Plaintiff's Complaint. (Ex. C.)

4.    The aforementioned suit is a civil action for money damages against Walmart in which Plaintiff alleges state law claims under California Government Code section 12940 *et seq.* (the "Fair Employment and Housing Act," or "FEHA"), Labor Code section 1102.5, and a common law claim for wrongful termination in violation of public policy. (Ex. A.) The allegations supposedly giving rise to these claims stem from Plaintiff's employment with Walmart. Plaintiff asserts in her Complaint that "[o]n or about July 22, 2021, [she] began working for [Walmart] as a Cashier," and "on or around March 10, 2022, [Walmart] terminated [her] employment." (*Id.*, ¶¶ 10, 18.) She alleges, in sum, that she was wrongfully terminated in retaliation for complaining about alleged sexual harassment against her daughter, Jamie Myers,[1] and another female employee, which Plaintiff maintains Walmart failed to prevent. (*Id.*, ¶¶ 12-18.) She claims that she "has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount

---

[1]    Her daughter, Ms. Myers has also filed a related lawsuit, on the same day, in the same court, using the same counsel. *See* Notice of Related Case filed concurrently herewith.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

1  subject to proof at the time of trial" and "continues to sustain substantial losses in
2  earnings and other employment benefits in an amount according to proof at the time
3  of trial." (*Id.*, ¶¶ 25, 33, 39, 45, 54, 72.)

4       5.    In addition, Plaintiff claims that she "has and will continue to suffer
5  severe mental anguish and emotional distress in the form of anger, anxiety,
6  embarrassment, headaches, humiliation, loss of sleep, confidence, self-esteem, and
7  general discomfort; will incur medical expenses for treatment by psychotherapists and
8  other health care professionals, and other incidental expenses; suffer the loss of
9  earnings and other employment benefits and job opportunities." (*Id.*, ¶¶ 26, 32, 38,
10 46, 55, 73.) Besides past and future economic and non-economic damages, Plaintiff
11 also seeks costs of suit, recovery of her attorneys' fees per statute, and punitive
12 damages, among other things. (*Id.*, ¶¶ 27, 28, 34, 40, 47, 56, 74, 75, and Prayer for
13 Relief at p. 13.)

14      6.    In accordance with 28 U.S.C. § 1446(a), a copy of all process and
15 pleadings served by or on Walmart are attached to this Notice as Exhibits A
16 [Complaint]; B [Summons]; and C [Answer].

17 **II.    TIMELINESS OF REMOVAL**

18      7.    A defendant in a state civil action has thirty (30) days to remove the
19 action to federal court from the date it receives the summons and complaint through
20 valid service of process – which timeline is triggered if removability appears on the
21 face of the complaint. (28 U.S.C § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe*
22 *Stringing, Inc.*, 526 U.S. 344, 347-348 (1999).)

23      8.    Here, Walmart's Notice of Removal is plainly timely as Walmart first
24 received a copy of the Summons and Complaint on February 27, 2023, and it filed
25 this Notice of Removal within 30 days of that date. (28 U.S.C. § 1446(b); Fed. R. Civ.
26 P. 6(a)(1)(C).)

27 / / /

28 / / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

9.    In addition, the consent of the fictitious "Doe" defendants in this case is not required. Defendant is the only party who must consent to removal. (28 U.S.C. § 1441(b)).

## III.    BASIS FOR REMOVAL – DIVERSITY JURISDICTION

10.    This case is a civil action over which this Court had and has original jurisdiction under 28 U.S.C. § 1332(a) and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states where the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

### A.    Diversity of Citizenship

11.    Plaintiff is domiciled in, and a citizen of, California. (Ex. A, ¶ 4.)

12.    Walmart is a Delaware corporation. (Ex. A, ¶ 5.) Walmart's principal place of business is in Benton County, Arkansas. Therefore, Walmart is a citizen of Delaware and Arkansas for evaluating diversity of citizenship and domicile. (28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend* (2010) 559 U.S. 77 ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.")

13.    Diversity of citizenship exists because Walmart is not a citizen of the same state as Plaintiff and is not a local defendant. (28 U.S.C. § 1332(a)(1), 28 U.S.C. § 1441(b)(2).) The citizenships of the fictitiously named Doe defendants are irrelevant here, as they "shall be disregarded" for purposes of assessing diversity of citizenship. (28 U.S.C. § 1441(b)(1).)

### B.    Amount in Controversy

14.    The amount in controversy in this action, independent of interests and costs, exceeds $75,000.00, as alleged by Plaintiff in her Complaint. (28 U.S.C. § 1332(a).) "[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" (*Campbell v. Vitran Exp., Inc.* (9th

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

Cir. 2012) 471 Fed.Appx 646, 648 (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D.Cal.2002) 199 F. Supp.2d 993, 1001.))

15.    Economic Damages: Plaintiff asserts in her Complaint that she "has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial" and "continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial." (Ex. A, ¶¶ 25, 33, 39, 45, 54, 72.)

16.    "[T]he amount in controversy . . . includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." (*Chavez v. JPMorgan Chase & Co.* (9th Cir. 2018) 888 F.3d 413, 414.) Courts separate lost wages into two categories: "past wages—i.e., lost wages between the date of Plaintiff's termination and the date of removal—and future wages—i.e., lost wages between the date of removal and trial." *Fisher v. HNTB Corp.*, No. 2:18-CV-08173-AB-MRW, 2018 WL 6323077, at *5 n.7 (C.D. Cal. Dec. 3, 2018).

17.    Plaintiff asserts in her Complaint that "[o]n or about July 22, 2021, [she] began working for [Walmart] as a Cashier," and "on or around March 10, 2022, [Walmart] terminated [her] employment." (Ex. A, ¶¶ 10, 18.) Thus, she worked for Walmart for approximately seven months. At the time Plaintiff's employment with Walmart ended, she earned an hourly rate of $15.00, and she was a full-time employee. In 2021, Plaintiff worked about five months, and her total earnings were $12,036.47. In 2022, Plaintiff worked about two months, and her total earnings were $5,984.20. Plaintiff's combined earnings for the seven months she was employed by Walmart equal $18,020.67, which results in average monthly earnings of $2,574.38.

18.    To date (March 28, 2023), it has been almost thirteen months since Plaintiff's employment with Walmart ended. Thus, alleged past wages ("back pay") owing and accrued to date would be about $33,466.94, based on Plaintiff's average

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

monthly earnings. As to Plaintiff's future wages ("front pay"), while a trial date has not been set yet, given the delays in trials caused by COVID-19, it can be estimated to take place on or after March 28, 2024. Calculating Plaintiff's alleged lost earnings from March 28, 2023 to March 28, 2024 – the twelve-month period between the date of removal and the projected date of trial – results in an additional $30,892.56 in alleged front pay. Collectively, this results in allegedly lost wages of $64,359.50.

19.    This calculation shows that the amount in controversy in this case exceeds $75,000, as it does not even factor in Plaintiff's claims for benefits, lost employment opportunities, emotional distress, and attorneys' fees, among many others. Indeed, in *Ponce v. Med. Eyeglass Ctr., Inc.*, No. 215CV04035CASJEMX, 2015 WL 4554336, at *2 (C.D. Cal. July 27, 2015), the court held that although Plaintiff had placed only a minimum of $18,000 in controversy through claims for economic damages, the amount in controversy was met because the court considered other types of relief sought like the ones sought by Plaintiff in this case.

20.    Based on the above, the amount in controversy for Plaintiff's alleged economic damages alone, exclusive of other benefits she allegedly lost, is **$64,359.50**.

21.    <u>Non-Economic Damages</u>: In addition, Plaintiff claims that she "has and will continue to suffer severe mental anguish and emotional distress in the form of anger, anxiety, embarrassment, headaches, humiliation, loss of sleep, confidence, self-esteem, and general discomfort; will incur medical expenses for treatment by psychotherapists and other health care professionals, and other incidental expenses; suffer the loss of earnings and other employment benefits and job opportunities." (Ex. A, ¶¶ 26, 32, 38, 46, 55, 73, and Prayer for Relief at p. 13.)

22.    Emotional distress damages are considered in determining the amount in controversy. (*See Kroske v. U.S. Bank Corp.* (9th Cir. 2015) 432 F.3d 976, 980.) To further support the basis for removing this action to federal court, Defendant submits herewith examples of jury verdicts pursuant to *Cain.* (*Cain v. Hartford Life and Acc. Ins. Co.* (C.D. Cal. 2012) 890 F.Supp.2d 1246, 1250 [finding defendants list of jury

verdicts awarding emotional distress in similar cases to be a sufficient analysis to aid the courts conclusion that emotional distress damages may be substantial and could exceed the minimum $75,000 threshold.]) For example, in *Peggy Jarian et al. v. Rev Yeghia Vart Kilaghbian et al.*, Superior Court of Los Angeles County, Case No. BC427095, the plaintiffs were awarded a total verdict of $260,000, of which $50,000 was attributed to emotional distress damages. In the *Jarian* case, plaintiff Jarian made a complaint about sexual harassment by her co-worker, and plaintiff Mekhitarian also complained about the co-worker's conduct and the employer's failure to take remedial measures. Both plaintiffs were allegedly terminated from their jobs and filed a lawsuit involving claims of wrongful termination, sexual harassment, and retaliation in violation of FEHA. (Ex. D to Defendant's Request for Judicial Notice ["RJN"].) Further, in *Carreon v. U.S. Foodservice Inc.*, Superior Court of Los Angeles County, Case No. 20STCV13066, just like Plaintiff here, plaintiff asserted he was subjected to sexual harassment by co-workers, reported the harassment to his managers and/or supervisors, but they failed to prevent the behavior and/or ratified the harassment, and afterwards, his employment was terminated. The plaintiff was awarded a total verdict of $1,200,000, of which $200,000 was attributed to emotional distress damages. (Ex. E to Defendant's RJN.)

23.     Accordingly, even assuming an award on the low end of the range in this case, purely *arguendo*, the amount in controversy for Plaintiff's alleged emotional distress damages is at least **$50,000-$200,000**, if not more.

24.     Cost of Suit and Attorneys' Fees: Additionally, Plaintiff seeks an unspecified amount in cost of suit and attorneys' fees related to all of her causes of action. (Ex. A, ¶¶ 28, 34, 40, 47, 75, and Prayer for Relief at p. 13.) Attorneys' fees (future and accrued) are considered in determining whether the amount in controversy requirement has been satisfied if a plaintiff sues under a statute that authorizes an award of fees to the prevailing party, as she does here. (*See Galt GIS v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-56; *see also Miera v. Dairyland Ins.*

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

*Co.* (10th Cir. 1998) 143 F3d 1337, 1340; *Manguno v. Prudential Prop. & Cas. Ins. Co.* (5th Cir. 2002) 276 F3d 720, 723.) FEHA provides for attorneys' fees to be awarded to successful plaintiffs. (*See* Cal. Gov. Code Section 12965(b).)

25.    Here, Plaintiff asserts claims for discrimination, harassment, retaliation, and failure to prevent under FEHA. She seeks to recoup her claimed fees and costs for same under Gov. Code section 12965(b). (Ex A, ¶¶ 28, 34, 40, 47, and Prayer for Relief at p. 13.) She also asserts a claim for retaliation under Labor Code 1102.5, and she seeks to recover her claimed attorneys' fees and costs under that claim, which Labor Code section 1102.5(j) allows were she successful on that claim. (*Id.*, ¶ 75.)

26.    To date, Plaintiff has likely incurred fees and costs in connection with preparing and filing her Complaint. Moreover, the parties will be engaging in significant discovery, thereby incurring even more attorneys' fees, including the deposition of Plaintiff, and other depositions such as a deposition of a person most qualified. If Plaintiff is successful in prosecuting her claims, which the Court must assume for purposes of removal, her claim for attorneys' fees alone more likely than not will exceed the $75,000 amount in controversy requirement. Indeed, in *Bihun v. AT&T Information Systems, Inc. (1993) 13 Cal.App.4th 976.*, 2017 WL 2859628, at *3 (C.D. Cal. July 27, 2015), the court found an award of attorneys' fees at rate of $450 per hour for lead counsel in a civil action under FEHA for sexual harassment was not an abuse of discretion. Further, in *Matkovich v. Costco Wholesale Corporation, et al.*, 2017 WL 6527335, at *8, plaintiff alleged disability discrimination, failure to prevent discrimination, and retaliation in violation of FEHA, amongst other claims and was successful. Plaintiff was represented by Plaintiff's Counsel here, JML Law APLC, and the Court awarded $328,142.50 in attorneys' fees for a total of 661.80 hours, with the hourly rate ranging from $350.00-$750.00. Also, *In Inga v. Assent Mortg. LLC et al.*, Superior Court of Los Angeles County, Case No. 30-2020-01135718-CU-OE-NJC, analogous to Plaintiff here, the plaintiff alleged the defendants subjected her to harassment and discrimination, she complained about the

conduct, but the defendants did not cease the conduct, and terminated her employment instead. The court entered judgment in the amount of $239,098, plus $343,915 in attorney fees and costs. (Ex. F to Defendant's RJN.) Assuming a conservative rate of $350.00/hour for Plaintiff's counsel, even if only 100 hours are spent on the case, attorneys' fees alone would total approximately $35,000.

27.    Accordingly, the amount in controversy for Plaintiff's alleged attorney's fees is, at the very least and relying on very conservative numbers, **$35,000.**

28.    <u>Punitive damages:</u> Plaintiff also seeks punitive damages. (Ex. A, ¶¶ 27, 56, 74, and Prayer for Relief at p. 13.) Courts have often estimated a 1:1 ratio between punitive and compensatory damages in calculating the amount in controversy. (*See, e.g., Jackson v. Compas Group USA, Inc.*, 2019 WL 3493991, at *6, 2019 U.S.Dist. LEXIS 129001, at *15-16 [*citations omitted*]; *Cuevas v. Lowes Home Centers, LLC* 2020 WL 6439174, at *6, 2020 U.S. Dist. LEXIS 206629, at*15 [*citations omitted*].) Such "a 1:1 ratio has been described as 'conservative' for purposes of assessing the amount in controversy requirement." *Garfias v. Team Industrial Services, Inc.*, 2017 WL 4512444, at *5,2017 U.S. Dist. LEXIS 167370, at *13. Applying a 1:1 ratio, a reasonable estimate of punitive damages based on economic damages for only *past* lost earnings is $33,466.94, which yields an estimate of alleged punitive damages of $33,466.94. If a 1:1 ratio was also applied to the estimate of Plaintiff's *future* lost earnings through trial ($61,785.12), the amount of punitive damages would come up to $95,252.06.

29.    Defendant vigorously disputes Plaintiff's ability to qualify and recover punitive, or any other, damages. However, at issue in this motion is what Plaintiff is *claiming* right now. Based on the above, the amount in controversy for Plaintiff's alleged punitive damages alone is **$64,359.50.**

30.    <u>Total:</u> Based on the above, the amount in controversy here is at least **$213,719.00**, well above the requisite $75,000 threshold, independent of interest and costs.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

## IV.   ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

31.    Plaintiff originally filed her complaint in the Superior Court of California, County of San Diego, which is located within the Southern District of California. Therefore, venue is proper in this Court pursuant to 28 U.S.C. 84(a), as it is the "district and division embracing the place where such action is pending." (28 U.S.C. § 114(a).)

32.    Pursuant to 28 U.S.C. § 1446(d), Defendant will give written notice of the removal of this action to all parties and is filing a copy of this notice with the Superior Court of California, County of San Diego. True and correct copies of the notice to Plaintiff and to the state court shall be filed promptly.

## V.   CONCLUSION

33.    Wherefore, Defendant Walmart prays that the above-entitled action now pending against it in the Superior Court of California, County of San Diego, be removed to this Court.

DATED:  March 28, 2023                   WOOD, SMITH, HENNING & BERMAN LLP

By:   /s/*Jason C. Ross*
        JASON C. ROSS
        CLAUDIA KOZLOWSKA

Attorneys for Defendant, Walmart Inc.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

27881276.1:11855-0014

# EXHIBIT A

**JML LAW**
A PROFESSIONAL LAW CORPORATION
5855 TOPANGA CANYON BLVD., SUITE 300
WOODLAND HILLS, CALIFORNIA 91367
TEL: (818) 610-8800
FAX: (818) 610-3030

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**02/23/2023** at 12:14:47 PM
Clerk of the Superior Court
By Brenda Ramirez, Deputy Clerk

JARED W. BEILKE, STATE BAR NO. 195698
jared@jmllaw.com
SADHANA GHIMIRE, STATE BAR NO. 332770
sadhana@jmllaw.com

Attorneys for Plaintiff
SARA HENSLEY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| SARA HENSLEY, an individual,<br><br>Plaintiff<br><br>vs.<br><br>WALMART INC., A Delaware Corporation, and DOES 1 through 50, inclusive,<br><br>Defendants | Case No.: 37-2023-00007744-CU-WT-CTL<br><br>**COMPLAINT FOR:**<br>1. DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ. (FEHA)<br>2. HARASSMENT IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ. (FEHA)<br>3. RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940 ET SEQ. (FEHA)<br>4. FAILURE TO PREVENT IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ. (FEHA)<br>5. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br>6. VIOLATION OF LABOR CODE SECTION 1102.5<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff SARA HENSLEY hereby brings her complaint against the above-named Defendants and states and alleges as follows:

///

///

**PARTIES**

1.      At all relevant times, real party in interest, Plaintiff SARA HENSLEY, an individual, was and is a resident of the State of California. At all relevant times, Plaintiff was a "person" within the meaning of California Government Code sections 12925, 12940, and any other applicable statutes. Plaintiff was also an "employee" within the meaning of California Government Code sections 12926, 12940, and any other applicable statutes.

2.      At all relevant times, Defendant WALMART INC. ("WALMART"), is a Delaware corporation, operating in and under the laws of the State of California and conducting business at 5500 Grossmont Center Dr. La Mesa, CA 91942 ("Location"). At all relevant times, WALMART was and is an "employer" within the meaning of California Government Code sections 12926, 12940, 12951, and all other applicable statutes, and a "person" subject to Civil Code section 51.7 and 51.9.

3.      The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50 are unknown to Plaintiff who therefore sues these defendants under such fictitious names. Plaintiff is informed, believes, and therefore alleges that each of the defendants named as a Doe defendant is legally responsible in some manner for the events referred to in this Complaint, is either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable, or otherwise, for the injuries and damages described below to Plaintiff. Plaintiff will seek leave of this Court to show the true names and capacities of these Doe defendants when they have been ascertained.

4.      Plaintiff is informed, believes, and therefore alleges that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all pertinent respects, and the acts of each defendant are legally attributable to the other defendants.

5.      Unless otherwise specified, any reference to a Defendant or Defendants shall refer to all Defendants, and each of them.

///
///

1

## JURISDICTION AND VENUE

2      6.      The Court has jurisdiction in this matter pursuant to Code of Civil Procedure

3  section 410.10 because the incident and/or damages occurred within the City of La Mesa, County

4  of San Diego, State of California.

5      7.      Venue is proper in this Court pursuant to the provisions of Code of Civil

6  Procedure sections 395 through 395.5, in that the incident occurred and Defendants' obligations

7  and liability arose in the City of La Mesa, County of San Diego, State of California.

8      8.      The amount of damages sought by this Complaint exceeds the minimum

9  jurisdictional limits of this Court.

10

## ALLEGATIONS

11      9.      Plaintiff repeats, re-alleges, and incorporates by reference all the allegations

12  contained in all preceding paragraphs as though fully set forth here.

13      10.      On or about July 22, 2021, Plaintiff began working for Defendant as a Cashier.

14  Plaintiff's job duties included handling the money center and returns. Throughout her

15  employment with Defendant, Antonia (last name unknown) was Plaintiff's supervisor.

16      11.      Plaintiff is informed, believes, and therefore alleges that Defendant regularly

17  employs more than five people. At all relevant times mentioned, Defendant employed more than

18  five people.

19      12.      On or around November 2021, Plaintiff learned that Defendant's employee

20  Brandon (last name unknown) and another asset protection employee (name unknown to

21  Plaintiff), working for the asset protection department, were making sexual advances to

22  Plaintiff's daughter Jamie Myers ("Jamie"), who was a 17 years old employee of Defendant,

23  working in the same store. Plaintiff's coworker Aliyah (last name unknown) also confirmed with

24  Plaintiff that she saw Brandon and another asset protection employee passing sexual comments

25  to Jamie, watching her movements in the cameras, and at some point, Brandon touching Jamie's

26  breasts.

27      13.      Soon after learning about sexual harassment against Jamie, on or around

28  November 2021, Plaintiff reported sexual harassment at the workplace to her supervisor Antonia,

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

1    who said she would look into it. However, Antonia never responded to Plaintiff regarding the

2    reported incident. Plaintiff is informed, believes and therefore alleges that Aliyah also reported

3    sexual harassment at the workplace to Antonia.

4           14.     On or around February 2022, Plaintiff went on medical leave for two weeks and

5    returned to work on or around March 2022. Upon her return, Plaintiff learned that Brandon was

6    sexually harassing another female employee at the store. Plaintiff went to Antonia and asked her

7    to do something about the sexual harassment that was going on at the store.

8           15.     Soon thereafter, Plaintiff was written up for a data entry error at the Money

9    Center. Naron (last name unknown), who was the person doing the write-up, told Plaintiff that

10    Antonia told him to write Plaintiff up. Plaintiff is informed, believes and therefore alleges that

11    Antonia wrote Plaintiff up in retaliation for making sexual harassment complaints.

12           16.     On or around March 8, 2022, Plaintiff complained to the head of security (name

13    unknown) about the sexual harassment against women at Walmart and requested time to speak.

14    However, he told Plaintiff that he had not heard anything about it and did not give her time to

15    meet.

16           17.     On or around March 9, 2022, Plaintiff was called into Antonia's office, where

17    Antonia blamed her for lying. When Plaintiff denied lying about anything and asked for proof,

18    Antonia told Plaintiff that she would fire her.

19           18.     Soon thereafter, on or around March 10, 2022, Defendant terminated Plaintiff's

20    employment. Plaintiff is informed, believes, and therefore alleges that Defendant terminated

21    Plaintiff's employment in retaliation for reporting and resisting the sexual harassment and hostile

22    work environment at the workplace, for failure to prevent the same.

23           **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

24           19.     Plaintiff timely filed a complaint with the State of California, Department of Fair

25    Employment and Housing ("DFEH") on or about October 7, 2022. The DFEH issued Plaintiff a

26    right to sue letter the same day. Plaintiff has filed this Complaint timely pursuant to that letter.

27    ///

28    ///

**FIRST CAUSE OF ACTION**

**Discrimination**

**In Violation of Government Code § 12940, et seq., FEHA**

**(Against All Defendants)**

20.    Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in all preceding paragraphs as though fully set forth here.

21.    At all times herein mentioned, California Government Code section 12940 et seq., the Fair Employment and Housing Act ("FEHA"), was in full force and effect and was binding on Defendant, as Defendant regularly employed five (5) or more persons.

22.    California Government Code section 12940(a) requires Defendant to refrain from discriminating against any employee on the basis of sex and/or gender.

23.    Defendant engaged in unlawful employment practices in violation of the FEHA by discriminating against Plaintiff on the basis of Plaintiff's sex and/or gender. Defendants engaged in unlawful employment practices in violation of the FEHA by terminating Plaintiff on the basis of Plaintiff's sex and/or gender.

24.    Plaintiff is informed, believes, and therefore alleges that Plaintiff's sex and/or gender was a substantial motivating factor in Defendant's decision to terminate Plaintiff's employment, and other discrimination against Plaintiff, in violation of the FEHA.

25.    As a proximate result of the aforesaid acts of Defendant's Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest.

26.    As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

1  the future not presently ascertainable, all in an amount subject to proof at the time of trial.

2      27.    Plaintiff is informed, believes, and therefore alleges that Defendant had in place

3  policies and procedures that specifically required Defendant's managers, officers, and agents to

4  prevent discrimination against and upon their employees. Plaintiff relied on the fact that

5  Defendant would follow these known policies, yet Defendant consciously chose not to follow

6  said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was

7  done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each

8  Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or

9  conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be

10  awarded exemplary and punitive damages against each Defendant in an amount to be established

11  that is appropriate to punish each Defendant and deter others from engaging in such conduct.

12      28.    As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced

13  to hire attorneys to prosecute Plaintiff's claims herein, and has incurred and is expected to

14  continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover

15  attorneys' fees and costs under California Government Code section 12965(b).

### SECOND CAUSE OF ACTION

#### Harassment

#### In Violation of Government Code § 12940, et seq., FEHA

#### (Against All Defendants)

20      29.    Plaintiff repeats, re-alleges, and incorporates by reference all the allegations

21  contained in all preceding paragraphs as though fully set forth here.

22      30.    The FEHA protects all individuals from harassment based on sex and/or gender.

23  The actions by Defendant, as detailed above, constitute hostile work environment sexual

24  harassment. Furthermore, under California Law, an employer is strictly liable for all sexually

25  harassing conduct by its agents and supervisors, and is liable for co-worker harassment where the

26  employer, or its agents or supervisors, knows or should have known of such conduct and fails to

27  take immediate and appropriate corrective action.

28      31.    Defendant's employees created a hostile work environment sexual harassment

6
COMPLAINT

against Plaintiff at the workplace. Plaintiff is informed, believes, and therefore alleges that because Plaintiff and other female employees complained about hostile work environment sexual harassment, Defendants, and/or its agents and/or supervisors, knew and/or should have known about this sexually harassing conduct. Defendants failed to take immediate and appropriate corrective action.

32.    As a direct and proximate result of the acts of Defendants, Plaintiff has and will continue to suffer severe mental anguish and emotional distress in the form of anger, anxiety, embarrassment, headaches, humiliation, loss of sleep, confidence, self-esteem, and general discomfort; will incur medical expenses for treatment by psychotherapists and other health care professionals, and other incidental expenses; suffer the loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in an amount according to proof at trial.

33.    As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential, and incidental financial losses, including, without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest.

34.    As a direct and proximate result of Defendant's discriminatory conduct, as alleged herein, Plaintiff has been compelled to retain legal counsel and is therefore entitled to reasonable attorneys' fees and costs of suit, pursuant to Government Code sections 12940, 12965 subdivision (b).

## THIRD CAUSE OF ACTION

### Retaliation

### In Violation of Government Code § 12940, et seq., FEHA

### (Against All Defendants)

35.    Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in all preceding paragraphs as though fully set forth here.

36.    The FEHA protects all individuals from retaliation for engaging in a protected activity. Plaintiff engaged in a protected activity by resisting, opposing, and/or complaining about the discrimination and harassment.

37.    Thereafter, Defendant retaliated against Plaintiff and terminated Plaintiff's employment in retaliation for Plaintiff's engagement in a protected activity.

38.    As a direct and proximate result of the acts of Defendant, Plaintiff has and will continue to suffer severe mental anguish and emotional distress in the form of anger, anxiety, embarrassment, headaches, humiliation, loss of sleep, confidence, self-esteem and general discomfort; will incur medical expenses for treatment by psychotherapists and other health care professionals, and other incidental expenses; suffer loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in an amount according to proof at trial.

39.    As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest.

40.    As a direct and proximate result of Defendant's discriminatory conduct, as alleged herein, Plaintiff has been compelled to retain legal counsel and is therefore entitled to reasonable attorneys' fees and costs of suit, pursuant to Government Code sections 12940, 12965 subdivision (b).

## FOURTH CAUSE OF ACTION

### Failure to Prevent Discrimination and Harassment

### In Violation of Government Code § 12940, et seq., FEHA

### (Against All Defendants)

41.    Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in all preceding paragraphs as though fully set forth here.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

42. At all times mentioned herein, California Government Code Sections 12940, et seq., including but not limited to sections 12940 (j) and (k), were in full force and effect and were binding upon Defendants and each of them. These sections impose on an employer a duty to take immediate and appropriate corrective action to investigate end discrimination and harassment and take all reasonable steps necessary to investigate and prevent discrimination and harassment from occurring, among other things.

43. Defendant failed to take immediate and appropriate corrective action to investigate and end the discrimination and harassment. Defendant also failed to take all reasonable steps necessary to investigate and prevent discrimination and harassment from occurring.

44. In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and harassment in failing and/or refusing to take and or all reasonable steps necessary to prevent discrimination and harassment from occurring, Defendant violated California Government Code section 12940 (j) and (k), causing Plaintiff to suffer damages.

45. As a proximate result of the aforesaid acts of Defendant, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest.

46. As a proximate result of the wrongful acts of Defendant, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

47. As a proximate result of the wrongful acts of Defendant, and each of them,

9

COMPLAINT

1    Plaintiff has been forced to hire attorneys to prosecute Plaintiff's claims herein, and has incurred

2    and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is

3    entitled to recover attorneys' fees and costs under California Government Code section

4    12965(b).

### FIFTH CAUSE OF ACTION

**Wrongful Termination**

**In Violation of Public Policy**

**(Against All Defendants)**

9    48.    Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully

10   set forth here.

11   49.    At all times mentioned, the public policy of the State of California, as codified,

12   expressed and mandated in California Government Code section 12940 et seq., is to prohibit

13   employers from discriminating, harassing, and retaliating against any individual on the basis of

14   age, disability, and/or engagement in a protected activity. This public policy of the State of

15   California is designed to protect all employees and to promote the welfare and wellbeing of the

16   community at large.

17   50.    California Government Code § 12920 states: "It is hereby declared as the public

18   policy of this state that it is necessary to protect and safeguard the right and opportunity of all

19   persons to seek, obtain, and hold employment without discrimination or abridgment on account

20   of race, religious creed, color, national origin, ancestry, physical disability, mental disability,

21   medical condition, genetic information, marital status, sex, gender, gender identity, gender

22   expression, age, sexual orientation, or military and veteran status. It is recognized that the

23   practice of denying employment opportunity and discriminating in the terms of employment for

24   these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its

25   capacities for development and advancement, and substantially and adversely affects the interests

26   of employees, employers, and the public in general."

27   51.    California Government Code § 12921(a) states: "The opportunity to seek, obtain,

28   and hold employment without discrimination because of race, religious creed, color, national

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

10

COMPLAINT

1    origin, ancestry, physical disability, mental disability, medical condition, genetic information,

2    marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or

3    military and veteran status is hereby recognized as and declared to be a civil right."

4       52.    Labor Code section 1102.5(b) forbids an employer from retaliating against an

5    employee for disclosing information, or because the employer believes that the employee

6    disclosed or may disclose information, to a person with authority over the employee or another

7    employee who has the authority to investigate, discover, or correct the violation or

8    noncompliance, or for providing information to, or testifying before, any public body

9    conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe

10   that the information discloses a violation of state or federal statute, or a violation of or

11   noncompliance with a local, state, or federal rule or regulation.

12      53.    Accordingly, Defendants' actions were wrongful and in contravention of the

13   express public policy of the State of California, specifically, the policy set forth in California

14   and the laws and regulations promulgated thereunder.

15      54.    As a direct and/or proximate result of Defendant's acts, Plaintiff has suffered

16   actual, consequential, and incidental financial losses, including without limitation, loss of salary

17   and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and

18   damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of

19   trial. Plaintiff claims such amounts as damages pursuant to California Civil Code sections 3287

20   and/or 3288, and/or any other provision of law providing for prejudgment interest.

21      55.    As a direct and/or proximate result of Defendant's wrongful acts, Plaintiff has

22   suffered and continues to suffer emotional distress, humiliation, mental anguish, and

23   embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed,

24   believes, and therefore alleges that Plaintiff will continue to experience physical and emotional

25   suffering for a period in the future not presently ascertainable, all in an amount subject to proof

26   at the time of trial.

27      56.    Plaintiff is informed, believes, and therefore alleges that Defendant had in place

28   policies and procedures that specifically required Defendant's managers, officers, and agents to

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

1    prevent the termination of its employees based on the protected classes identified in the FEHA.

2    Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant

3    consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent,

4    malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights

5    and duties each Defendant owed to Plaintiff. Each Defendant aided, abetted, participated in,

6    authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff

7    should therefore be awarded exemplary and punitive damages against each Defendant in an

8    amount to be established that is appropriate to punish each Defendant and deter others from

9    engaging in such conduct.

### SIXTH CAUSE OF ACTION

#### Retaliation

#### In Violation of Labor Code Section 1102.5

#### (Against All Defendants)

66.    Labor Code section 1102.5(b) forbids an employer from retaliating against an

employee for disclosing information, or because the employer believes that the employee

disclosed or may disclose information, to a person with authority over the employee or another

employee who has the authority to investigate, discover, or correct the violation or

noncompliance, or for providing information to, or testifying before, any public body conducting

an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the

information discloses a violation of state or federal statute, or a violation of or noncompliance

with a local, state, or federal rule or regulation.

67.    Plaintiff was an employee of Defendant.

68.    Plaintiff disclosed to Defendant that Plaintiff's Daughter was being Sexually

Harassed and that it was illegal to sexually harass and discrimiate against female employees.

69.    Plaintiff had reasonable cause to believe that the information that Plaintiff disclosed

to Defendant constituted violations of the California Labor Code and other applicable laws

preventing sexual harassment at workplace.

COMPLAINT

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

70.    In or around March 2022, Defendant, acting through their officers, directors, and/or managing agents, terminated Plaintiff's employment.

71.    Plaintiff's disclosure of what Plaintiff reasonably believed to be a violation of state law was a contributing factor in Defendant's decision to terminate Plaintiff's employment.

72.    As a proximate result of aforementioned adverse employment actions by Defendant and/or their officers, directors, and managing agents, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

73.    As a proximate result of aforementioned adverse employment actions by Defendant and/or their officers, directors, and managing agents, Plaintiff has suffered humiliation, emotional distress, and pain and anguish, all to Plaintiff's damage in an amount according to proof at the time of trial.

74.    The conduct of Defendant as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendant and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against Defendant.

75.    PLAINTIFF has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1.    For general damages according to proof;

2.    For special damages according to proof;

3.    For punitive damages according to proof;

4.    For attorney fees and costs of suit;

5.    For prejudgment and post-judgment interest according to law; and,

6.    For such other and further relief as the court may deem just and proper.

---

COMPLAINT

1    **DEMAND FOR JURY TRIAL**

2    Plaintiff hereby demands a trial by jury.

3

4    DATED:    February 23, 2023    JML LAW, A Professional Law Corporation

5

6

7    By: _____

8    JARED W. BEILKE
     SADHANA GHIMIRE
9    Attorneys for Plaintiff

10

11

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WALMART INC., A Delaware Corporation, and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SARA HENSLEY, an individual

---

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/23/2023** at 12:14:47 PM

Clerk of the Superior Court
By Brenda Ramirez, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: SUPERIOR COURT OF CALIFORNIA *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 37-2023-00007744-CU-WT-CTL |
|---|---|

San Diego County Superior Court
330 West Broadway, San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sadhana Ghimire- JML LAW, APLC 5855 Topanga Canyon Blvd., Ste. 300, Woodland Hills, CA 91367
818-610-8800

| DATE: 02/24/2023 *(Fecha)* | Clerk, by *(Secretario)* _____ B. Ramirez | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* WALMART INC., A Delaware Corporation

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT C

1   Jason C. Ross (State Bar No. 252635)
    jross@wshblaw.com
2   Claudia Kozlowska (State Bar No. 334487)
    ckozlowska@wshblaw.com
3   **WOOD, SMITH, HENNING & BERMAN LLP**
    501 West Broadway, Suite 1200
4   San Diego, California 92101
    Phone: 619-849-4900 ♦ Fax: 619-849-4950
5
6   Attorneys for Defendant, WALMART INC.

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                              **COUNTY OF SAN DIEGO**

10

| | |
|---|---|
| 11  SARA HENSLEY, an individual, | Case No. 37-2023-00007744-CU-WT-CTL |
| 12              Plaintiff, | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| 13      v. | The Hon. Keri Katz, Dept. C-74 |
| 14  WALMART INC., A Delaware Corporation, and DOES 1 through 50, inclusive, | Action Filed:        February 23, 2023 |
| 15 | Trial Date:          None Set |
| 16              Defendants. | |

17        Defendant WALMART INC. ("Defendant") hereby answers the Complaint filed by Plaintiff

18  SARA HENSLEY ("Plaintiff") as follows:

19                    **GENERAL AND SPECIFIC DENIALS**

20        Pursuant to the provisions of California Code of Civil Procedure section 431.30(d),

21  Defendant denies, generally and specifically, each and every allegation contained in the Complaint,

22  and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in

23  any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any

24  alleged act or omission by any agent or employee of Defendant.  Defendant further denies, generally

25  and specifically, that Plaintiff is entitled to any relief whatsoever.

26  / / /

27  / / /

28  / / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

**AFFIRMATIVE DEFENSES**

As separate affirmative defenses to the Complaint and each of the causes of action therein, Defendant alleges, and states as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action for which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

Plaintiff is barred from any relief, including any purported injunctive relief sought because Plaintiff has adequate remedies at law.

**THIRD AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced, by the doctrine of after-acquired evidence.

**FOURTH AFFIRMATIVE DEFENSE**

**(Appropriate Remedial Action Taken by Employer)**

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Defendant took all reasonable steps to prevent any alleged discrimination, harassment, and/or retaliation once Defendant was made aware of Plaintiff's complaints.

**FIFTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences – Plaintiff Failed to Take Preventive or Corrective Action)**

Plaintiff "unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise," thereby preventing Plaintiff from maintaining the Complaint, and each and every purported cause of action contained therein. (See, e.g., *Burlington Industries, Inc. v. Kimberly B. Ellerth* (1998) 524 U.S. 742, 745; *State Dept. of Health Services v. Superior Court.* (2003) 31 Cal.4th 1026.)

1

## SIXTH AFFIRMATIVE DEFENSE

2

### (Avoidable Consequences – Defendants Exercised Reasonable Care to Prevent and Correct

3

### Promptly Any Allegedly Sexually Harassing Behavior)

4     Defendant asserts that Plaintiff's employer, at all times, "exercised reasonable care to

5  prevent and correct promptly any sexually harassing behavior," thereby preventing Plaintiff from

6  maintaining her Complaint, and each and every purported cause of action contained therein.  (*See*

7  *e.g.*, *Burlington Industries, Inc. v. Kimberly B. Ellerth* (1998) 524 US 742, 745; *Faragher v. City of*

8  *Boca Raton* (1998) 524 U.S. 775, 806; *State Dept. of Health Services v. Sup. Ct.* (2003) 31 Cal.4th

9  1026.)

10

## SEVENTH AFFIRMATIVE DEFENSE

11

### (No Hostile Work Environment)

12     The Complaint, and each and every purported cause of action contained therein, is

13  unenforceable in that Plaintiff has not alleged facts or circumstances demonstrating that her

14  workplace was or is permeated with discrimination, intimidation, ridicule and insult that is

15  "sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive

16  working environment."

17

## EIGHTH AFFIRMATIVE DEFENSE

18

### (Employer Lacked Knowledge)

19     The Complaint, and each and every cause of action alleged therein, is barred, or any damages

20  reduced because Defendant lacked knowledge that Plaintiff was allegedly retaliated or discriminated

21  against, and/or of any alleged employee's purported pre-disposition for unlawful behavior.

22

## NINTH AFFIRMATIVE DEFENSE

23

### (Estoppel)

24     The Complaint, and each and every cause of action alleged therein, is barred by the doctrine

25  of estoppel.

26  / / /

27  / / /

28  / / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

1

2

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

3    The Complaint, and each and every cause of action alleged therein, is barred, or any damages

4  reduced by Plaintiff's failure to exhaust administrative remedies.

5

## ELEVENTH AFFIRMATIVE DEFENSE

6

### (Failure to Mitigate Damages)

7    Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce

8  Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars

9  or reduces any claims, losses, or damages.

10

## TWELFTH AFFIRMATIVE DEFENSE

11

### (Good Faith but Mistaken Belief)

12    The Complaint, and each and every cause of action alleged therein, is barred as Defendant's

13  alleged actions were reasonable and justified by its good faith but potentially mistaken belief.

14

## THIRTEENTH AFFIRMATIVE DEFENSE

15

### (Laches)

16    The Complaint, and each and every cause of action alleged therein, is barred by the doctrine

17  of laches.

18

## FOURTEENTH AFFIRMATIVE DEFENSE

19

### (Consent)

20    Plaintiff's acts and conduct have resulted in consent to all conduct as alleged on the part of

21  Defendant.

22

## FIFTEENTH AFFIRMATIVE DEFENSE

23

### (No Authorization or Ratification)

24    Any unlawful or wrongful acts, to the extent they exist (which are denied), taken by

25  Defendant's alleged agents or employees were outside the course and scope of their authority and

26  such acts, if any, were not authorized, ratified, or condoned by Defendant nor did Defendant know

27  nor should have known of such acts.

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

## SIXTEENTH AFFIRMATIVE DEFENSE

### (C.C.P. § 128.7)

The Complaint is unsupported by law or fact and was filed in bad faith and solely for the purpose of harassing and annoying Defendant.  Therefore, Defendant is entitled to recover its reasonable expenses, including attorneys' fees, incurred in defending this action, pursuant to C.C.P. § 128.7, and any or other similar laws.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Discriminatory or Retaliatory Intent, Legitimate Non-Discriminatory and/or Non-Retaliatory Reason(s))

The Complaint, and each and every cause of action alleged therein, is barred as there was no discriminatory or retaliatory intent, as Defendant's alleged actions were based on a legitimate nondiscriminatory and non-retaliatory reason(s).

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages Against Corporate Defendants)

Defendant is not liable to Plaintiff for punitive damages because neither Defendant nor any of its officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such employee or employees with a conscious disregard of the rights or safety of others, as required by California Civil Code section 3294(b).

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Plaintiff's claim for exemplary or punitive damages is barred and invalid on its face and/or as applied to this Defendant pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California.

/ / /

/ / /

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Failure to State a Claim for Punitive Damages)

Defendant alleges the Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a claim for punitive damages against Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Not a Substantial Motivating Reason)

The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were not a substantial motivating reason for the alleged adverse employment action.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Federal Law Preemption)

The Complaint, and each and every cause of action alleged therein, is preempted by federal law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Same Decision Limits Remedies; Mixed Motive)

Defendant is informed and believes that although it denies that any alleged unlawful discrimination and/or retaliation occurred, Defendant would have made the same decision(s) absent any such alleged discrimination and/or retaliation, and Plaintiff is therefore barred from collecting any damages.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

The Complaint, and each and every cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965; Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint, and each and every cause of action alleged therein, is barred by Plaintiff's waiver.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

The Complaint and each of its causes of action are barred because, at all relevant times, Plaintiff was an at-will employee, subject to termination, with or without cause, and with or without notice.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (ERISA Preemption)

Damages sought for lost employment benefits in any and all of Plaintiff's causes of action are preempted by ERISA.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Acts of Third Parties)

Defendant asserts that any damages suffered by Plaintiff were the direct and proximate result of the actions of third parties other than Defendant. To the extent Plaintiff's damages, if any, were caused or contributed to by such third parties, Defendant's liability, if any, must be apportioned and allocated in proportion to the respective fault of all third parties whose conduct proximately caused and contributed to any such damage.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Acts of Third Parties)

Defendant denies that it is responsible or liable in any way for the damages or losses alleged in the Complaint. However, if it is found to be liable or responsible for any or all of the alleged damages or losses, if any, it alleges that its liability, if any, is not the sole proximate cause of Plaintiff's damage or losses, and that the damages awarded to Plaintiff, if any, should be apportioned according to the respective fault and legal responsibility of all parties, persons and entities, and their

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

agents, servants, and employees who contributed to and/or caused such damages or loss according to the proof presented at the time of trial.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (Not Caused by Defendant)

Defendant is informed and believes that if Plaintiff has suffered any loss, damage or injury, which is expressly denied, such loss, damage or injury was not caused, either legally or proximately, by any act or omission of Defendant.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (No Damages)

Defendant is informed and believes that Plaintiff's claims in her Complaint are barred as Plaintiff has not been damaged or injured in any way by any act or omission on the part of any of Defendant.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (Contribution)

Defendant is informed and believes that the damages suffered by Plaintiff, if any, were the direct and proximate result of the negligence or wrongful conduct of parties, persons, corporations and/or entities other than Defendant, including Plaintiff, and the liability of Defendant, if any, must be limited in direct proportion to the percentage of fault actually attributable to Defendant.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

#### (Intervening Superseding Causes)

Defendant alleges that the injuries and damages of which Plaintiff complains were proximately caused, or contributed to, by the acts of Plaintiff and other defendants, persons, and/or entities, and that said acts were an intervening and superseding cause of injuries and damages, if any, of which Plaintiff complains, thus barring, or reducing, Plaintiff's recovery against Defendant, if any.

/ / /

/ / /

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Conformity with Federal, State, Local Laws, and Regulations)**

At all relevant times, Defendant acted in accordance with all federal, state, local laws, and regulations, including any legal requirements established by the United States Occupational, Safety and Health Administration ("OSHA"). Retroactive application of statutes, regulations, and/or case law to Defendant's alleged conduct violates the due process and equal protection clauses of the California Constitution and the Fifth and the Fourteenth Amendments of the United States Constitution.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Conformity with Industry Standards)**

At all relevant times, Defendant is informed and believes, and thereon alleges that it acted in conformity with industry standards based upon the state of knowledge existing at the time alleged in the Complaint, and therefore Plaintiffs are barred from any recovery in this action.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(No Bona Fide Complaint)**

The claims of harassment, discrimination, and retaliation under FEHA, Labor Code sections 1102.5 and 1102.6 are barred because Plaintiff had no reasonable cause to believe the information allegedly disclosed constituted a violation of state, federal, or local law, rule, or regulation.

**THIRTY-EIGHT AFFIRMATIVE DEFENSE**

**(Right to Amend Answer)**

Defendant reserves its right to amend its answer herein, including the addition of affirmative defenses, after pleading and discovery in preparation for trial, as it may have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.

**ATTORNEYS' FEES**

Defendant alleges, based on Plaintiff's request for attorneys' fees, that in the event Defendant is determined to be the prevailing party, it is entitled to recover its attorneys' fees pursuant to California Government Code § 12965, and/or any other applicable statutes.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

1  

## PRAYER FOR RELIEF

2  WHEREFORE, Defendant prays for judgment as follows:

3  1.  That Plaintiff's Complaint, and each purported cause of action therein, be dismissed;

4  2.  That Plaintiff take nothing by way of the Complaint;

5  3.  That judgment be entered against Plaintiff and in favor of Defendant on all causes of

6  action;

7  4.  That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

8  5.  That Defendant be awarded such other and further relief as the Court may deem just

9  and proper.

10  

## DEMAND FOR JURY TRIAL

11  Defendant hereby demands a trial by jury in the above-entitled matter.

12  

13  

14  

15  DATED:  March 27, 2023                    WOOD, SMITH, HENNING & BERMAN LLP

16  

17  

18                    By: _____

                          JASON C. ROSS
19                         CLAUDIA KOZLOWSKA
                    Attorneys for Defendant, WALMART INC.
20  

21  

22  

23  

24  

25  

26  

27  

28  

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

1

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

## **PROOF OF SERVICE**

**Sara Hensley v. Walmart Inc., et al.**
**Case No. 37-2023-00007744-CU-WT-CTL**

I am employed in the County of San Diego, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is 501 West Broadway, Suite 1200, San Diego, CA 92101.

On March 27, 2023, I served the following document(s) described as **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

### **SEE ATTACHED SERVICE LIST**

**BY MAIL:**  I placed true copies of the foregoing document(s) enclosed in sealed envelopes addressed as shown on the Service List.  I am "readily familiar" with Wood, Smith, Henning & Berman's practice for collecting and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at San Diego, California, on that same day following ordinary business practices.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address apadilla@wshblaw.com to the persons at the electronic notification address listed in the service list.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was not successful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 27, 2023, at San Diego, California.

_____
Arielle Padilla

**SERVICE LIST**
**Sara Hensley v. Walmart Inc., et al.**
**Case No. 37-2023-00007744-CU-WT-CTL**

Jared W. Beilke, Esq.
Sadhana Ghimire, Esq
JML Law, APLC
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
T: (818) 610-8800
F: (818) 610-3030
E: jared@jmllaw.com
sadhana@jmllaw.com

**ATTORNEYS FOR PLAINTIFF, SARA HENSLEY**

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

## <u>PROOF OF SERVICE</u>

**Sara Hensley v. Walmart Inc., et al.**
**Case No. 37-2023-00007744-CU-WT-CTL**

I am employed in the County of San Diego, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 501 West Broadway, Suite 1200, San Diego, CA 92101.

On March 28, 2023, I served the following document(s) described as **DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT (28 U.S.C. §§ 1332(a), 1441); DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I placed true copies of the foregoing document(s) enclosed in sealed envelopes addressed as shown on the Service List. I am "readily familiar" with Wood, Smith, Henning & Berman's practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at San Diego, California, on that same day following ordinary business practices.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 28, 2023, at San Diego, California.

_____
Arielle Padilla

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

27881276.1:11855-0014

-1-

NOTICE OF FILING OF NOTICE OF REMOVAL ACTION

1

2

**SERVICE LIST**
**Sara Hensley v. Walmart Inc., et al.**
**Case No. 37-2023-00007744-CU-WT-CTL**

3

4

5

6

7

Jared W. Beilke, Esq.
Sadhana Ghimire, Esq
JML Law, APLC
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
T: (818) 610-8800
F: (818) 610-3030
E: jared@jmllaw.com
sadhana@jmllaw.com

8

9

**ATTORNEYS FOR PLAINTIFF,**
**SARA HENSLEY**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

-2-